UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARLA BRINTLEY,

        Plaintiff,                     Case No. 2:17-cv-13912

v                                     Hon. Arthur J. Tarnow

AEROQUIP CREDIT UNION,

        Defendant.

| SALVATORE PRESCOTT & PORTER, PLLC | STARR, BUTLER, ALEXOPOULOS & STONER, PLLC |
|---|---|
| Jennifer B. Salvatore (P66640) | Joseph A. Starr (P47253) |
| Attorney for Plaintiff | Attorneys for Defendant |
| 105 East Main Street | 20700 Civic Center Dr., Ste. 290 |
| Northville, MI 48167 | Southfield, MI 48076 |
| 248-679-8711 | (248) 554-2700 |
| salvatore@spplawyers.com | jstarr@starrbutler.com |

**DEFENDANT AEROQUIP CREDIT UNION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**ORAL ARGUMENT REQUESTED**

00048806.WPD

Defendant, Aeroquip Credit Union ("Aeroquip CU"), by and through its attorneys, Starr, Butler, Alexopoulos & Stoner, PLLC, respectfully moves this Court to dismiss Plaintiff's Complaint, in its entirety,  pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Pursuant to Local Rule 7(1)(a), counsel for Aeroquip CU sought concurrence from Plaintiff's counsel as to the requested relief and legal basis of the instant motion. Concurrence was denied.

For the reasons stated in the attached brief, Defendant Aeroquip Credit Union respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety with prejudice and award Aeroquip Credit Union costs, attorney fees, and such other relief as this Court deems just and equitable.

<div style="margin-left:40%">

Respectfully submitted,

STARR, BUTLER, ALEXOPOULOS & STONER, PLLC

By:    /s/ Joseph A. Starr
Joseph A. Starr (P47253)
Attorneys for Defendant
20700 Civic Center Dr., Ste. 290
Southfield, MI 48076
(248) 554-2700
jstarr@starrbutler.com

</div>

Dated: February 5, 2018

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARLA BRINTLEY,

       Plaintiff,                    Case No. 2:17-cv-13912

v                                     Hon. Arthur J. Tarnow

AEROQUIP CREDIT UNION,

       Defendant.

---

| SALVATORE PRESCOTT & PORTER, PLLC | STARR, BUTLER, ALEXOPOULOS & STONER, PLLC |
|---|---|
| Jennifer B. Salvatore (P66640) | Joseph A. Starr (P47253) |
| Attorney for Plaintiff | Attorneys for Defendant |
| 105 East Main Street | 20700 Civic Center Dr., Ste. 290 |
| Northville, MI 48167 | Southfield, MI 48076 |
| 248-679-8711 | (248) 554-2700 |
| salvatore@spplawyers.com | jstarr@starrbutler.com |

---

**BRIEF IN SUPPORT OF DEFENDANT AEROQUIP CREDIT UNION'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## STATEMENT OF ISSUES PRESENTED

I.     Whether this Court lacks subject matter jurisdiction over Plaintiffs' claims against Defendant Aeroquip CU Because Plaintiff Does Not have Standing to Bring an Action Alleging Violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* and Michigan's Persons with Disabilities Civil Rights Act, MCL § 37.1301 *et seq.*?

       Defendant Aeroquip Credit Union answers: **YES**.
       Plaintiff answers:                        **NO.**

II.    Whether Plaintiff's ADA Claim (Count I) Should be Dismissed As The Sixth Circuit Rule of Law Restricts the Application of Title III of the ADA to Only Physical Structures?

       Defendant Aeroquip Credit Union answers: **YES.**
       Plaintiff answers:                        **NO.**

III.   Whether Plaintiff's Request for Injunctive Relief Violates Due Process Because There are No Federal Standards on Website Accessibility?

       Defendant Aeroquip Credit Union answers: **YES.**
       Plaintiff answers:                        **NO.**

IV.    Whether Plaintiff's State Disability Discrimination Claim (Count II) Should be Dismissed As It Dependent Upon the Allegations of Plaintiff's ADA Claim (Count I)?

       Defendant Aeroquip Credit Union answers: **YES.**
       Plaintiff answers:                        **NO.**

# **TABLE OF CONTENTS**

STATEMENT OF ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

CONTROLLING AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iv

I.     INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

II.    STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

III.   STANDARD OF REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

IV.    LAW AND ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

      A.     Plaintiff Does Not Have Standing to Bring a Disability
      Discrimination Claim Against Defendant Related to the
      Alleged Inaccessibility of the Website. . . . . . . . . . . . . . . . . . . . . . . . . .  6

            1.     Plaintiff Did Not Suffer an Injury-in-Fact, and Therefore
            She Does Not Have Standing to Sue. . . . . . . . . . . . . . . . . . . . .  6

            2.     Plaintiff's Claimed Injury is Not Redressible by this
            Court. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

      B.     Because the Sixth Circuit's Rule of Law Limits the
      Application of Title III of the ADA to Physical Structures,
      Aeroquip CU's Website is Not Covered by the ADA. . . . . . . . . . . .  11

            1.     In the Sixth Circuit, Title III of the ADA Applies to
            Physical Structures, Not Websites. . . . . . . . . . . . . . . . . . . . . . .  11

            2.     Even if Title III of the ADA Applied to Websites, There
            is no Nexus Between the Website and Aeroquip CU's
            Branch Locations. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

C.   If the Website Is Covered by the Title of the ADA, Plaintiff's
Request for Injunctive Relief Violates Due Process Because
There Are No Objective Standards That Control Website
Accessibility. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

D.   Since Plaintiff's ADA Claim Should be Dismissed for Failure
to State A  Claim, Plaintiff's Claim under Michigan's PWDCRA
Should Likewise be Dismissed. . . . . . . . . . . . . . . . . . . . . . . . . . 19

V.   CONCLUSION AND RELIEF REQUESTED. . . . . . . . . . . . . . . . . . . . . 20

# CONTROLLING AUTHORITIES

## Legal Decisions

*Adkisson v. Jacobs Eng'g Grp., Inc.*, 790 F.3d 641, 647 (6th Cir. 2015). . . . . . . . . 4

*Amini v. Oberlin*, 259 F.3d 493, 502 (6th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . 5

*Ashcroft v. Iqbal*, 556 U.S. 662; 129 S. Ct. 1937, 1949 (2009). . . . . . . . . . . . . . . . 4

*Bashir v. Supreme Court of Ohio*, 652 F.2d 641, 643 (6th Cir. 1981). . . . . . . . . . . 9

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557; 127 S. Ct. 1955 (2007). . . . . 4

*Brunet v. City of Columbus*, 1 F.3d 390, 398-99 (6th Cir. 1993). . . . . . . . . . . . . . 9

*Christenson v. City of Roseville*, No. 15-14441, 2017 WL 345670, at *2
(E.D. Mich. Jan. 24, 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). . . . . . . . . . . . . . . . . . . . . . 7

*Cotter v. Ajilon Servs., Inc.*, 287 F.3d 593, 597 (6th Cir. 2002). . . . . . . . . . . . . . 20

*Donald v. Sybra, Inc.*, 667 F.3d 757, 764 (6th Cir. 2012). . . . . . . . . . . . . . . . . . . 20

*Fortyune v. Lomita*, 766 F.3d 1098, 1105 (9th Cir. 2014). . . . . . . . . . . . . . . . . . . 19

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S.
167, 205; 120 S. Ct. 693 (2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Gil v. Winn-Dixie Stores, Inc.*, 257 F. Supp. 3d 1340, 1349 (S.D. Fla. 2017). . . . 15

*Gomez v. Bang & Olfsen America*, No. 16-cv-23801, 2017 WL 1957182
(S.D. Fla. Feb. 2, 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999). . . . . . . . . . . 5

*Keith Carroll v. Northwest Federal Credit Union*, No. 1:17-cv-01205
(E.D. Va., Jan. 26, 2018). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Larson v. Valente*, 456 U.S. 228, 243; 102 S. Ct. 1673, 1682 (1982). . . . . . . . . . . 9

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61; 112 S.Ct. 2130, 2136 (1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9

*Lyons v. Stovall*, 188 F.3d 327, 332 n. 3 (6th Cir. 1999). . . . . . . . . . . . . . . . . . . . 5

*Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017). . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Midwest Media Prop., L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456, 461-62 (6th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Nat'l Fed'n of the Blind v. Target Corp.*, 452 F. Supp. 2d 946, 956 (N.D. Cal. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*O'Bryan v. Holy*, 556 F.3d 361, 375 (6th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . 4

*Parker v. Metro. Life Ins. Co.*, 121 F.3d 1006 (6th Cir. 1997). . . . . . . . . . . . 13, 14

*Robles v. Dominos Pizza*, No. CV1606599SJOSPX, 2017 WL at 1330216, *7 (C.D. Cal. Mar. 20, 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548, *as revised* (May 24, 2016). . . . . . . 6

*Stoutenborough v. Nat'l Football League, Inc.*, 59 F.3d 580 (6th Cir. 1995). . 13, 14

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322; 127 S. Ct. 2499, 2509 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). . . . . . . . . . . . . . . . . . . 4

*Walker v. 9912 E. Grand River Associates, LP*, No. 11-12085, 2012 WL 1110005, at *6 (E.D. Mich. April 3, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Ward v. Alternative Health Delivery Sys., Inc.*, 261 F.3d 624, 626 (6th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Warth v. Seldin*, 422 U.S. 490, 498; 95 S. Ct. 2197 2205 (1975).. . . . . . . . . . . . . . 6

## Statutes

42 U.S.C. § 12181. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

42 U.S.C. § 12181(7).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

42 U.S.C. §§ 12186(b), 12188(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

MCL § 37.1101. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

MCL § 37.1301. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

MCL § 37.1301(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

MCL § 37.1302(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

## Federal Rules

Fed. R. Civ. P. 12(b)(1) and (6).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4, 5, 20

## Miscellaneous

*Nondiscrimination on the Basis of Disability; Accessibility of Web Information and Services of Public Accommodations*, 75 Fed. Reg. 43460-01, 2010 WL 288003 ( July 26, 2010).. . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Nondiscrimination on the Basis of Disability; Notice of Withdrawal of Four Previously Announced Rulemaking Actions*, 82 Fed Reg. 60932-01, 2017 WL 6555806 (December 26, 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

## I.   INTRODUCTION

This matter is before this Court on Defendant Aeroquip Credit Union's ("Aeroquip CU") Motion to Dismiss pursuant to Fed. R. Civ. Pro. 12(b)(1) and (6). On December 5, 2017, Plaintiff Karla Brintley ("Plaintiff") filed the instant action against Aeroquip CU.[1]  Plaintiff's claims against Aeroquip CU must be dismissed because: (1) Plaintiff lacks standing to pursue the disability discrimination claims against Aeroquip CU; and (2) this Court lacks subject matter jurisdiction.

More specifically, Plaintiff's Complaint fails to allege that she satisfies Aeroquip CU's membership's requirements. This Court cannot redress Plaintiff's alleged injury without an allegation that she is eligible to become a member of Aeroquip CU. Plaintiff also fails to satisfy the "injury-in-fact" element for standing because she cannot show that suffered a concrete injury and is likely to be harmed again.

Even if Plaintiff establishes standing to pursue her claims, Plaintiff's Complaint fails to state a claim for which relief can be granted.  Specifically, Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, only applies to physical structures under binding Sixth Circuit precedent.  Therefore, Aeroquip CU's website is not covered by Title III of the ADA.  Even if the website

---

[1]    On the same day that Plaintiff initiated this civil action against Aeroquip CU, she filed almost verbatim complaints with this Court against three additional credit unions located throughout the State of Michigan.  Three days later, Plaintiff filed another nearly verbatim complaint with this Court against Case Credit Union.

is covered by Title III, Plaintiff fails to allege facts to establish a nexus between the website and Aeroquip CU's branches.  Additionally, because there is no federal standard governing website accessibility, Plaintiff's request for injunctive relief and the imposition of arbitrary standards amounts to a due process violation.  Finally, Plaintiff's allegations of disability discrimination under Michigan's Persons with Disabilities Act ("PWDCRA"), MCL § 37.1301 *et seq.*, will not withstand judicial scrutiny as they are dependent upon her ADA claim which must be dismissed for the reasons stated above.

For these reasons, and those discussed below, Defendant Aeroquip Credit Union requests that this Honorable Court grant its Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

## II.  <u>STATEMENT OF FACTS</u>

Plaintiff Karla Brintley ("Plaintiff") is an adult resident of Michigan (Dkt. No. 1, Complaint, ¶ 3).  She is permanently blind and uses a screen reader to read website content on a computer  (*Id.*).  She resides in Ingham County, Michigan (Dkt. Entry No. 1).

Aeroquip CU's principal place of business is located in Jackson, Michigan (Dkt. No. 1, Complaint, ¶ 4).  Aeroquip CU limits its membership to employees of all Aeroquip Corporation (Eaton) plants and select employers in the Jackson area (https://www.aeroquipcu.com/about-aeroquip/about-aeroquip-cu  (last   accessed

February 2, 2018)).  Aeroquip CU also maintains a website – aeroquipcu.com (the "website") (*Id.*).  Plaintiff alleges that the website contains access barriers which prevented free and full use by blind persons using screen reading software (Dkt. No. 1, Complaint, ¶ 11).  She further alleges that the access barriers on the website have deterred her from visiting Aeroquip CU's brick-and-mortar branches (Dkt. No. 1, Complaint, ¶¶ 3, 15).

On December 5, 2017, Plaintiff filed her Complaint against Aeroquip CU for injunctive relief, damages, attorneys' fees and costs pursuant to the ADA and the PWDCRA. (Dkt. No. 1).[2]

### III.   <u>STANDARD OF REVIEW</u>

A motion to dismiss based on lack of standing is a motion asserting a lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  *Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017).  "Standing is thought of as a 'jurisdictional' matter, and a plaintiff's lack of standing is said to deprive a court of jurisdiction." *Ward v. Alternative Health Delivery Sys., Inc.*, 261 F.3d 624, 626 (6th Cir. 2001).  A Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction generally

---

[2]      On the same date that Plaintiff initiated this civil action against Aeroquip CU, she filed almost verbatim complaints with this Court against three additional credit unions located in the State of Michigan: Bi-County PTC Federal Credit Union (Case No. 5:17-cv-13913), Belle River Community Credit Union (Case No. 5:17-cv-13915), American 1 Credit Union (Case No. 2:17-cv-13917).  On December 8, 2017, Plaintiff initiated another lawsuit, alleging nearly the same exact allegations against Case Credit Union (Case No. 1:17-cv-01076).

come in two varieties: a facial attack or a factual attack. *O'Bryan v. Holy*, 556 F.3d 361, 375 (6th Cir. 2009) (internal citations and quotations omitted). A challenge to a party's standing is a factual attack. *Christenson v. City of Roseville*, No. 15-14441, 2017 WL 345670, at *2 (E.D. Mich. Jan. 24, 2017) (Exhibit 1). "A factual attack . . . is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (emphasis omitted). Accordingly, the court, in reviewing a motion attacking the factual basis for jurisdiction, "has broad discretion over what evidence to consider and may look **<u>outside the pleadings</u>** to determine whether subject-matter jurisdiction exists." *Adkisson v. Jacobs Eng'g Grp., Inc.*, 790 F.3d 641, 647 (6th Cir. 2015)(emphasis added). As the party seeking suit in federal court, Plaintiff bears the burden to establish that the Court has subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must plead "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662; 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557; 127 S. Ct. 1955 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The plausibility standard is not a "probability requirement," but it does require "more than a sheer possibility that a defendant has acted unlawfully." *Id*.

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court may consider the complaint as well as (1) documents referenced in the pleadings and central to the plaintiff's claims, (2) matters of which a court may properly take notice, and (3) public documents.[3] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322; 127 S. Ct. 2499, 2509 (2007); *Amini v. Oberlin*, 259 F.3d 493, 502 (6th Cir. 2001). The Court's consideration of these documents does not require conversion of the motion to one for summary judgment. *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

## IV.   LAW AND ARGUMENT

### A.   Plaintiff Does Not Have Standing to Bring a Disability Discrimination Claim Against Defendant Related to the Alleged Inaccessibility of the Website.

Plaintiff lacks standing to pursue a disability discrimination claim against Aeroquip CU for the claimed inaccessibility of its website.  "In essence the question

---

[3]     Public records that the Court may take into consideration include filings in other courts of record.  *See Lyons v. Stovall*, 188 F.3d 327, 332 n. 3 (6th Cir.1999) ("[I]t is well-settled that [f]ederal courts may take judicial notice of proceedings in other courts of record.")

of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498; 95 S. Ct. 2197, 2205 (1975).  To establish standing, Plaintiff must show that: (1) she suffered an "injury in fact"; (2) there is a causal connection between the injury and defendant's challenged action; and (3) the injury will be redressable by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61; 112 S.Ct. 2130, 2136 (1992). The party invoking federal jurisdiction bears the burden of establishing these elements.  *Lujan*, 504 U.S. at 561.  Plaintiff falls short of showing the requisite elements to establish standing.

### 1. *Plaintiff Did Not Suffer an Injury-in-fact, and Therefore She Does Not Have Standing to Sue.*

Plaintiff cannot establish that she has standing to bring this action against Aeroquip CU without first showing that she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."   *Id.* at 560 (internal quotations omitted).   The injury must personally affect Plaintiff and must really exist.  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548, *as revised* (May 24, 2016) (citations omitted).  The Supreme Court explained the following in *Spokeo*:

> Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.  Article III standing requires a concrete injury even in the context of a statutory

violation.

*Id.* at 1549.

Here, Plaintiff has not demonstrated the alleged ADA violation resulted in a concrete harm.  Plaintiff simply alleges in the Complaint that she has been *deterred* from visiting Aeroquip CU's branches (Dkt. No. 1, Complaint, ¶ 15). Plaintiff has not shown, and cannot show, that the claimed accessibility barriers from the website **actually** denied her full and equal access to the services offered at Aeroquip CU's branches.  Without alleging that Aeroquip CU actually denied her the ability to obtain services at one of its branches, Plaintiff has failed to sufficiently allege that she has suffered an injury in fact.

Because Plaintiff seeks injunctive relief, she must also show that there is "real or immediate threat that [she] will be wronged again – a likelihood of substantial and immediate irreparable injury." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)(internal citations and quotations omitted).  In the context of the ADA, Plaintiff establishes the requisite threat of future injury where she shows a likelihood to return to defendant's business. *Walker v. 9912 E. Grand River Associates, LP*, No. 11-12085, 2012 WL 1110005, at *6 (E.D. Mich. Apr. 3, 2012) (Exhibit 2).  Courts consider the following in analyzing whether or not there is a real or immediate threat that a plaintiff bringing an ADA claim will be wronged in the future: (1) the proximity of defendant's business to plaintiff's residence, (2) the plaintiff's past

patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the frequency of travel near defendant." *Id.* (internal citations and quotations omitted).

Plaintiff cannot demonstrate that there is a likelihood that she will return to Aeroquip CU in the future. The Complaint is silent as to any allegations about her intent to return to Aeroquip CU's location.[4] Plaintiff resides over 40 miles away from Aeroquip CU (Dkt. Entry No. 1). The Complaint contains no allegations related to her frequency of traveling in the area where Aeroquip CU is located. There is no past patronage, or future patronage, of Aeroquip CU by Plaintiff. Her Complaint fails to allege that she's eligible to become a member of Aeroquip CU in order to utilize its services. Plaintiff's "some day" intent to use Aeroquip CU's services at its branch location is speculative and insufficient to establish the threat of future injury. *Lujan*, 504 U.S. at 564. Plaintiff fails to establish that she suffered the requisite injury in fact in order to bring standing. Dismissal of the Complaint is warranted.

**2.    *Plaintiff's Claimed Injury is Not Redressible by this Court.***

Assuming *arguendo* that Plaintiff suffered an injury in fact, Plaintiff cannot demonstrate the third element necessary to establish standing – a favorable decision from the Court will redress her injury by providing "substantial and meaningful

---

[4]    It is simply implausible that Plaintiff will return to Aeroquip CU's branches considering that she has four other cases pending in this Court against credit unions located throughout the State and with varying membership requirements.

relief". *Larson v. Valente*, 456 U.S. 228, 243; 102 S. Ct. 1673, 1682 (1982). Under

the redressibility element, courts analyze whether it is "'likely,' as opposed to 'merely

speculatively' that a favorable decision will redress plaintiff['s] injury." *Friends of*

*the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 205; 120 S. Ct.

693,(2000) (*quoting Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561; 112 S. Ct. 2130

(1992)).

Unless Plaintiff shows that she is *eligible* to become a member of Aeroquip CU

– and thus is entitled to receive its services – a favorable decision from this Court will

not redress her alleged injuries.  The Sixth Circuit has found that a favorable decision

on a discrimination claim does not redress a plaintiff's injury when he or she would

still be disqualified to obtain the benefit for other legitimate, non-discriminatory

reasons:

- *Brunet v. City of Columbus*, 1 F.3d 390, 398-99 (6th Cir. 1993) (male applicants who ranked too low on the eligibility list for hiring as firefighters and in effect removed them from consideration did not have standing to challenge the city's hiring of female applicants out of rank order because any future injury to them was merely speculative);

- *Bashir v. Supreme Court of Ohio*, 652 F.2d 641, 643 (6th Cir. 1981) *(*Pakistani attorney who sought admission by motion to practice law in Ohio lacked standing to challenge the state bar's citizenship requirement because he failed to satisfy the admission by motion requirement that he was admitted to practice law in another state)*; and*

- *Midwest Media Prop., L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456, 461–62 (6th Cir. 2007)(advertising company did not have standing to bring a free speech claim to township's zoning regulation prohibiting

off-premises signs because the township's size and height restrictions would have still precluded the township from approving their sign applications).

The decisions in the above-cited cases are dispositive of Plaintiff's lawsuit. Plaintiff's claimed injuries cannot be redressed by a favorable decision from this Court.  To join Aeroquip CU and benefit from its services, Plaintiff must work at an Aeroquip Corporation (Eaton) plant or another select employers within Jackson County.[5]  Plaintiff fails to plead that she meets this membership criteria for Aeroquip CU.  Further, Plaintiff simply cannot show that she is eligible to become a member of Aeroquip CU given her initiation of four other nearly verbatim lawsuits against credit unions in this State – all with *differing* membership restrictions.

In *Keith Carroll v. Northwest Federal Credit Union*, No. 1:17-cv-01205 (E.D. Va., Jan. 26, 2018) (Exhibit 3), a legally blind resident of Virginia filed a virtually identical lawsuit against a Virginia credit union. (Exhibit 4).

> Here, the defendant, Northwest Federal Credit Union ("Northwest FCU") , is a credit union chartered by the federal government which only includes a specific membership field.  That field of membership includes those who are current or former employees of the Central Intelligence Agency (or their immediate family or household members). Plaintiff is not in this membership field, nor has he alleged any facts in his Complaint to suggest he is a CIA agent or otherwise eligible to become a member of Northwest FCU.  As a result, Plaintiff is unable to deposit money in, or obtain a loan or other services from Defendant.

> Plaintiff is unable to show that he has suffered an injury in fact or that

---

[5]  *See* https://www.aeroquipcu.com/about-aeroquip/about-aeroquip-cu (last accessed January 31, 2018).

there is certain impending future harm. [sic] Defendant cannot make this showing because he has not established that he is entitled, or would ever be entitled, to utilize any services provided by Northwest FCU. Further, the Complaint does not allege that Defendant was ever a past member of Northwest FCU – and plans to visit in the future are immaterial unless [sic] Defendant can establish he is eligible to use Northwest FCU's services. It is the plaintiff's burden to show that he is suffering a concrete and particularized, actual or imminent invasion of his personal interests, which would be resolved by a judgement in his favor. Because [sic] Defendant cannot demonstrate that he is entitled to participate in any of Northwest FCU's services, he cannot show a redressible injury.

(Exhibit 3, p. 3).

Here, Plaintiff cannot show that she is or was employed by Aeroquip Corporation (Eaton) or any Select Employee Groups (SEG) in the Jackson, Michigan area. As a result, Plaintiff is unable to deposit money in, or obtain a loan or other services from Aeroquip CU. Because Plaintiff fails to show that her claimed injuries are redressible by this Court, she does not have standing to pursue her disability discrimination claims. Dismissal of Plaintiff's Complaint is appropriate in the absence of subject matter jurisdiction.

**B.     Because the Sixth Circuit's Rule of Law Limits the Application of Title III of the ADA to Physical Structures, Aeroquip CU's Website is Not Covered by the ADA.**

   *1.     In the Sixth Circuit, Title III of the ADA Applies to Physical Structures, Not Websites.*

Even if Plaintiff has standing to proceed with this lawsuit – which she does not – Aeroquip CU is entitled to dismissal as to Count I of Plaintiff's Complaint because its website is not a "place of public accommodation." Title III of the ADA refers to

the following private entities as public accommodations provided that they affect commerce:

> (A)   an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor;

> (B)   a restaurant, bar, or other establishment serving food or drink;

> (C)   a motion picture house, theater, concert hall, stadium, or other place of exhibition or entertainment;

> (D)   an auditorium, convention center, lecture hall, or other place of public gathering;

> (E)   a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment;

> (F)   a laundromat, dry-cleaner, bank, barber shop, beauty shop, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital, or other service establishment;

> (G)   a terminal, depot, or other station used for specified public transportation;

> (H)   a museum, library, gallery, or other place of public display or collection;

> (I)   a park, zoo, amusement park, or other place of recreation;

> (J)   a nursery, elementary, secondary, undergraduate, or postgraduate private school, or other place of education;

> (K)   a day care center, senior citizen center, homeless shelter, food bank, adoption agency, or other social service center

establishment; and

(L)     a gymnasium, health spa, bowling alley, golf course, or other place of exercise or recreation.

42 U.S.C.§ 12181(7). The above-cited statute does not include any category of public accommodations that could be interpreted as anything but a physical structure. "Notably absent from the list is the term 'website'…Over the years Congress has extensively amended the ADA; **however, at no point did Congress choose to add websites as public accommodations**". (Exhibit 3, p. 4; emphasis added).

In *Parker v. Metro. Life Ins. Co.*, 121 F.3d 1006 (6th Cir. 1997) (en banc), the Sixth Circuit reviewed the above-cited statute and held that "[t]he clear connotation of the words in § 12181(7) is that **a public accommodation is a physical place.**" *Id.* at 1014 (emphasis added). Relying on *Stoutenborough v. Nat'l Football League, Inc.*, 59 F.3d 580 (6th Cir. 1995), the Sixth Circuit in *Parker* concluded that an employer-sponsored long-term disability plan was not a "good" offered by a place of public accommodation. *Id.* at 1010-11. The Sixth Circuit based its conclusion on the following:

> The public cannot enter the office of MetLife or Schering–Plough and obtain the long-term disability policy that plaintiff obtained. Parker did not access her policy from MetLife's insurance office. Rather, she obtained her benefits through her employer. There is, thus, no nexus between the disparity in benefits and the services which MetLife offers to the public from its insurance office.

*Id.* at 1011.

Judge Martin's dissent in *Parker* acknowledged that the majority's holding in *Parker* would, in effect, exclude websites from being covered under Title III of the ADA.  He noted as follows:

> In recent years, the economic and social mainstream of American life has experienced significant change due to technological advances. An increasing array of products and services are becoming available for purchase by telephone order, through the mail, via the Internet, and other communications media. Unfortunately, under the majority view, the same technological advances that have offered disabled individuals unprecedented freedom may now operate to deprive them of rights that Title III would otherwise guarantee. As the modern economy increases the percentage of goods and services available through a marketplace that does not consist of physical structures, the protections of Title III will become increasingly diluted.

*Id.* at 1020.  Judge Martin's dissent, however, is not the law of this Circuit.  Instead, the majority's holding in *Parker* is clear – coverage from Title III of the ADA only includes physical structures.

In *Stoutenborough*, the Sixth Circuit held that the television broadcast of a football game offered by the NFL was not covered by Title III.  *Stoutenborough*, 59 F.3d at 582-83. In that case, an association of individuals with a hearing impairment filed suit against the NFL and the broadcasting media alleging that the NFL's "blackout  rule" – prohibiting the live local broadcast of home football games – violated Title III.  *Id.* at 581-82.  The plaintiffs claimed that "blackout rule" denied them equal access of the football game via telecommunication technology. *Id.* at 582. The Sixth Circuit found in *Stoutenborough* that the defendants' broadcast of football

games were not a place of "public accommodation" as defined by the statute because Title III's prohibitions only protect "places" of public accommodation. *Id.* at 583. It further explained that the plaintiffs' requested remedy for the televised broadcast of the "blacked-out" football game did not involve a service provided by a "place of a public accommodation". *Id.* The Sixth Circuit made this finding despite the fact that game is *played* is a place of public accommodation and where people *watch* the game may be a place of public accommodation. *Id.*

The Sixth Circuit's rule of law, as set forth in *Parker* and *Stoutenborough,* is clear – the protections offered by Title III of ADA extend to only physical structures. Because Plaintiff's Complaint alleges unequal access barriers of a website – and not a physical structure, it is <u>not</u> covered by Title III of the ADA. Aeroquip CU is therefore entitled to dismissal of Count I of Plaintiff's Complaint.

### 2.    *Even if Title III of the ADA Applied to Websites, There is no Nexus Between the Website and Aeroquip CU's Branch Locations.*

While binding Sixth Circuit precedent dictates that websites are not covered by Title III of the ADA, other courts outside of the Sixth Circuit's jurisdiction have permitted ADA claims regarding inaccessible website to proceed where the access to the website is necessary in order for the plaintiff to enjoy the benefits and services of defendant's physical location. *See e.g.*, *Gil v. Winn-Dixie Stores, Inc.*, 257 F. Supp. 3d 1340, 1349 (S.D. Fla. 2017) (denying defendant's motion for judgment because the website was heavily integrated with physical store as services offered from the

website, *e.g.* using coupons and the filling of prescriptions were difficult or impossible for visually impaired individuals to access by other means); *Gomez v. Bang & Olfsen America*, No. 16-cv-23801, 2017 WL 1957182 (S.D. Fla. Feb. 2, 2017) (Exhibit 5) (holding that the plaintiff's "generalized grievances are wholly unconnected to any harm he actually suffered at the place of public accommodation (i.e., concrete, physical store) and are therefore insufficient to survive a motion to dismiss."); and *Nat'l Fed'n of the Blind v. Target Corp.*, 452 F. Supp. 2d 946, 956 (N.D. Cal. 2006)(dismissing the plaintiffs' claims to the extent that the website offered information and services unconnected to the brick-and-mortar stores).

Plaintiff fails to allege any facts in the Complaint that accessing the website is necessary for her enjoyment of the services offered at Aeroquip CU.  Nothing in the Complaint even claims that the website made Aeroquip CU's physical location inaccessible to Plaintiff.  Rather, the Complaint alleges that based upon the website access barriers, "Plaintiff has been deterred from visiting Aeroquip CU's physical location that Plaintiff ***may*** have located by using aeroquipcu.com (Dkt. No. 1, Complaint, ¶ 15)(emphasis added).  This allegation ignores the fact that Plaintiff could have located Aeroquip CU's branches elsewhere via telephone or another website.  Even if this Court chooses to depart from the Sixth Circuit's precedent in *Parker and Stoutenborough,* Count I of Plaintiff's Complaint must still be dismissed because there is an insufficient connection between that the website and Aeroquip

CU's branches.

**C.    If the Website Is Covered by the Title of the ADA, Plaintiff's Request for Injunctive Relief Violates Due Process Because There Are No Objective Standards That Control Website Accessibility.**

Plaintiff seeks the issuance of an injunction "whereby aeroquip.com is modified and revised so as to be accessible to the visually impaired" (Dkt. No. 1, Complaint, ¶ 21).  She specifically requests that Aeroquip CU be required to "make all readily achievable alterations and modifications to its website." (Dkt. No. 1, Pg ID 18).  Neither the ADA statute itself nor its regulations provide any standard for website accessibility.   In the absence of any explicit standard for website accessibility, injunctive relief is improper, however, and amounts to a due process violation.

The Department of Justice, the administrative agency charged with the responsibility of setting regulations for compliance with Title III of the ADA and enforcing its requirements, has **repeatedly failed** to take any action related to establishing minimum web accessibility standards.  *See* 42 U.S.C. § § 12186(b), 12188(6).  In 2010, the DOJ issued an Advance Notice of Proposed Rulemaking (the "ANPR"), stating that it was "**considering** revising the regulations implementing title III of the Americans with Disabilities Act (ADA or Act) in order to establish requirements for making the goods, services, facilities, privileges, accommodations, or advantages offered by public accommodations via the Internet, specifically at

World Wide Web (Web), accessible to individuals with disabilities."
*Nondiscrimination on the Basis of Disability; Accessibility of Web Information and Services of Public Accommodations*, 75 Fed. Reg. 43460-01, 2010 WL 288003 ( July 26, 2010) (emphasis added). The DOJ noted the following in the ANPR:

> While some actions have been brought regarding access to Web sites under the ADA that have resulted in courts finding liability or in parties agreeing to a settlement to make the subject Web sites accessible, **a clear requirement that provides** the disability community consistent access to Web Sites and **covered entities clear guidance on what is required under the ADA does not exist.**

*Id.* (emphasis added). The ANPR did not include any proposed regulations or guidelines. Instead, the DOJ simply sought public comments on the accessibility of entities website in accordance with the ADA.

Seven years after its issuance of the ANPR and without the issuance of any regulations or guidelines, the DOJ withdrew its ANPR on accessibility of website information on December 26, 2017. *Nondiscrimination on the Basis of Disability; Notice of Withdrawal of Four Previously Announced Rulemaking Actions*, 82 Fed Reg. 60932-01, 2017 WL 6555806 (December 26, 2017). The DOJ explained its withdrawal was to "evaluat[e] whether promulgating regulations about the accessibility of Web information is necessary and appropriate....The Department will continue to assess whether specific technical standards are necessary and appropriate to assist covered entities with complying with the ADA." *Id.* The DOJ's announcement of its withdrawal of its ANPR reiterates that no standards currently

exist on website accessibility.

Because there are no regulations or guidelines for a covered entities' obligations related to website accessibility, entities, like Aeroquip CU, do not have notice of what Title III of the ADA requires of them.  "The lack of a formal guidance in this complex regulatory arena places those subject to Title III in the precarious position of having to speculate which accessibility criteria their websites and mobile applications must meet." *Robles v. Dominos Pizza*, No. CV1606599SJOSPX, 2017 WL at 1330216, *7 (C.D. Cal. Mar. 20, 2017) (Exhibit 6).  *See also*, *Fortyune v. Lomita,* 766 F.3d 1098, 1105 (9th Cir. 2014) (finding that "[e]ntities regulated by administrative agencies have a due process right to fair notice of regulators' requirements.") Plaintiff's request for injunctive relief violates due process, and the Complaint must be dismissed.

**D.    Since Plaintiff's ADA Claim Should be Dismissed for Failure to State A Claim, Plaintiff's Claim under Michigan's PWDCRA Should Likewise be Dismissed.**

Under Michigan's Persons with Disability Civil Rights Act ("PWDCRA"), MCL § 37.1101 *et seq.*, a person shall not "[d]eny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation or public service because of a disability..."  MCL § 37.1302(a).  The PWDCRA defines a "place of public accommodation as "a business, educational institution, refreshment, entertainment,

recreation, health, or transportation facility of any kind, whether licensed or not, whose goods, services, facilities, privileges, advantages, or accommodations are extended, offered, sold, or otherwise made available to the public.   MCL § 37.1301(a).

"The PWDCRA 'substantially mirrors the ADA, and resolution of plaintiff's ADA claim will generally...resolve the plaintiff's PWDCRA.'" *Donald v. Sybra, Inc.*, 667 F.3d 757, 764 (6th Cir. 2012) (quoting *Cotter v. Ajilon Servs., Inc.*, 287 F.3d 593, 597 (6th Cir. 2002).  Plaintiff's PWDCRA claim must therefore be analyzed in the same manner as her ADA claim.  As discussed above in Section B, the Complaint does not present a viable claim under the ADA as a website is not a "place of public accommodation." Plaintiff's PWDCRA claim must therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## V.   CONCLUSION AND RELIEF REQUESTED

WHEREFORE, Defendant Aeroquip Credit Union respectfully requests that this Honorable Court dismiss Plaintiff's Complaint in its entirety with prejudice and award Defendant costs, attorney fees and such other relief as this Court deems just and equitable.

Respectfully submitted,

STARR, BUTLER, ALEXOPOULOS & STONER, PLLC

By:   /s/ Joseph A. Starr
      Joseph A. Starr (P47253)
      Attorneys for Defendant
      20700 Civic Center Dr., Ste. 290
      Southfield, MI 48076
      (248) 554-2700
      jstarr@starrbutler.com

Dated: February 5, 2018

## CERTIFICATE OF SERVICE

The undersigned says that on February 5, 2018, she has caused to be served a copy of **Defendant Aeroquip Credit Union's Motion to Dismiss Plaintiff's Complaint**, **Brief in Support of Motion** and this **Certificate of Service** via the Court's Electronic Court Filing system upon all attorneys of record.

I declare that the above statements are true and correct to the best of my knowledge, information and belief.

      /s/ Kiersten Plane