UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

KARLA BRINTLEY,

       Plaintiff,                              Case No. 2:17-cv-13912

v.                                            Hon. Arthur J. Tarnow

AEROQUIP CREDIT UNION,

       Defendant.

| SALVATORE PRESCOTT & PORTER, PLLC<br>Jennifer B. Salvatore (P66640)<br>105 East Main Street<br>Northville, MI 48167<br>248-679-8711<br>salvatore@spplawyers.com<br><br>PACIFIC TRIAL ATTORNEYS<br>Victoria Knowles<br>Scott J. Ferrell (*admission pending*)<br>4100 Newport Place Dr., Ste. 800<br>Newport Beach, CA 92660<br>(949) 706-6464<br>vknowles@pacifictrialattorneys.com<br>sferrell@pacifictrialattorneys.com<br><br>Attorneys for Plaintiff | STARR, BUTLER, ALEXOPOULOS & STONER, PLLC<br>Joseph A. Starr (P47253)<br>William R. Thomas (P77760)<br>Attorneys for Defendant<br>20700 Civic Center Dr., Ste. 290<br>Southfield, MI  48076<br>(248) 554-2700<br>jstarr@starrbutler.com<br>wthomas@starrbutler.com |
|---|---|

**DEFENDANT AEROQUIP CREDIT UNION'S REPLY BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................... ii

A. Plaintiff Cannot Establish Standing ................................................................... 1

    i.      Plaintiff Has Not Pled an "Intangible Injury" and Provides
No Authority That the ADA Redresses Any Such Injuries ................... 1

    ii.     Plaintiff Cannot Show She Suffered An Injury-in-Fact ........................ 1

    iii.    Plaintiff Waived Her Response that She Cannot Establish
The Required Elements of a Future Injury and Redressability .............. 4

B. Plaintiff's Claims Under the ADA Fail as a Matter of Law ................................ 4

    i.      The ADA Applies Only to Physical Places and *Parker v
Metropolitan Life Ins. Co.* is Binding Precedent .................................. 4

    ii.     Plaintiff Waived Any Argument Opposing the Lack of a
Nexus Between Aeroquip's Website and its Branch Locations ............ 6

    iii.    Plaintiff's Request for Injunctive Relief Violates Due Process ............. 6

    iv.    Plaintiff's Improper Request to Amend her Complaint is Futile ........... 7

CONCLUSION ........................................................................................................ 7

# INDEX OF AUTHORITIES

**Cases**

*Beydoun v. Sessions*, 871 F.3d 459 (6th Cir. 2017) ...................................................... 7

*BioLumix, Inc. v. Centrus Int'l, Inc.*,
2013 WL 4483437 (E.D. Mich. Aug. 20, 2013) ...................................................... 4, 6

*Carrol v. Northwest Federal Credit Union*, (E.D. Va., Jan. 26, 2018) .................. 2, 3

*Castillo v. Jo-Ann Stores, LLC*, 2018 WL 838771 (N.D. Ohio Feb. 13, 2018) ..... 3, 5

*Davenport v. Lockwood, Andres & Newnam, Inc.*, 854 F.3d 905
(6th Cir. 2017) ...................................................................................................... 6

*Fortyune v. Lomita*, 766 F.3d 1098 (9th Cir. 2014) ...................................................... 6

*Griffin v. Department of Labor Federal Credit Union*,
(E.D. Va., Feb. 21, 2018) ............................................................................... 1, 2, 3

*Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982) ............................................. 2

*Haynes v. Interbond Corp. of America*,
2017 WL 4863085 (S.D. Fla. Oct. 16, 2017) ............................................................. 3

*Judy v. Pingue*, 2009 WL 4261389 (S.D. Ohio Nov. 25, 2009) ................................ 2

*Kerman v. C.I.R.*, 713 F.3d 849 (6th Cir. 2013) ........................................................ 5

*Kingdomware Technologies, Inc. v. U.S.*, 136 S. Ct. 1969 (2017) ............................. 6

*Kolling v. Blue Cross & Blue Shield of Michigan*, 318 F.3d 715, 716
(6th Cir. 2003) ........................................................................................................ 6

*Parker v. Metro. Life Ins. Co.*, 121 F.3d 1006 (6th Cir. 1997) .............................. 4, 5

*Roberts v. Hamer*, 655 F.3d 578 (6th Cir. 2011) ....................................................... 3

*Robles v. Dominos Pizza, LLC*, 2017 WL 1330216 (C.D. Cal. Mar. 20, 2017).........6

*SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351 (6th Cir. 2014)...............7

*Spokeo, Inc. v Robins*, 136 S. Ct. 1540 (2016) ........................................................1

*Ward v. Alternative Health Delivery Sys., Inc.*, 261 F.3d 624 (6th Cir. 2001) ..........3

**Statutes**

29 U.S.C. § 1001 .......................................................................................................3

42 U.S.C. § 12181......................................................................................................5

M.C.L. § 490.352.......................................................................................................3

**A. Plaintiff Cannot Establish Standing.**

   *i.   Plaintiff Has Not Pled an "Intangible Injury" and Provides No Authority That the ADA Redresses Any Such Injuries.*

Plaintiff's Response alleges that she suffered an "intangible injury", which she argues establishes standing (Dkt. 10, PgID 172-74). Plaintiff's argument fails for two reasons. First, although Congress *may* enumerate intangible harms that are redressible under federal statutes, *see Spokeo, Inc. v Robins*, 136 S. Ct. 1540, 1549 (2016), Plaintiff failed to identify *any authority* that such harms are redressible under the ADA or *one case* that supports this position (Dkt. 10, PgID 172-74). Second, Plaintiff's Complaint alleges no such harm. Contrary to her Response (*Id.,* PgID 173), paragraphs 14-15 of her Complaint relate solely to the alleged accessibility barriers of Aeroquip's website and have nothing to do with any alleged "intangible injury" (*See* Dkt. 1, PgID 12-13).[1]

   *ii.   Plaintiff Cannot Show She Suffered An Injury-in-Fact.*

Plaintiff does not allege that Aeroquip denied her any *actual* services provided by Aeroquip, such as the ability to deposit money or obtain a loan.[2]  Instead, Plaintiff argues the "injury" she suffered was the inability to access Aeroquip's website (Dkt. 10, PgID 177-81).  This argument also fails.  Initially, Plaintiff cites no authority to support the contention that the inability to access a website alone is sufficient to allege a

---

[1]  Even if Plaintiff could get past either flaw, a blind plaintiff's failure to access a credit union's website does not satisfy the injury-in-fact requirement simply by alleging an intangible injury. *See Griffin v. Department of Labor Federal Credit Union*, (E.D. Va., Feb. 21, 2018) (Ex. 7, pp. 4-5).

[2]  Indeed, Plaintiff attempts to side-step this fact by alleging Aeroquip somehow attempted "to move the proverbial goal posts" of the injury requirement (Dkt. 10, PgID 180). Not only is this untrue, but Plaintiff's misleading "authority" relates to an appellate court prohibiting parties from raising new arguments *on appeal*, which has nothing to do with the issues at hand (*See, id*).

{00050160.DOCX}

concrete and particularized injury for purposes of standing.[3] Moreover, Plaintiff's inability to access Aeroquip's website is irrelevant as she was neither an Aeroquip member nor even eligible to be a member.[4] Therefore, she cannot assert she was injured by failing to access Aeroquip's website.[5]

In two recent cases – which are *identical* to this case – federal district courts addressed this exact issue: whether a blind plaintiff who was not eligible to be a member of a credit union suffered an injury under the ADA based on the inability to access a credit union's website. *See Carrol v. Northwest Federal Credit Union*, No. 17-cv-01205 (E.D. Va., Jan. 26, 2018) (Dkt. 6-4, PgID 71-75); *Griffin*, *supra* (Ex. 7). In both cases, the district courts granted the credit union's motion to dismiss for lack of standing, in part, finding that the plaintiffs did not suffer any injury as they were not within the credit union's membership field (*Carrol*, PgID 73-74; *Griffin*, pp. 3-4).

---

[3] Plaintiff's argument that "a personal encounter with an accessibility barrier pleads a past injury that is 'concrete, particularized, and actual'" (Dkt. 10, PgID 177 n 3) is inapplicable as Plaintiff's passing argument cites distinguishable cases related to *physical* accessibility barriers of wheelchair-bound individuals, not websites (*See, id.*). Indeed, Plaintiff asserts later in her brief that such cases are *distinguishable* (*Id.*, PgID 181) (arguing cases related to "architectural barriers . . . simply have no application in the context of an inaccessible website.").

[4] Contrary to Plaintiff's assertion (Dkt. 10, PgID 174-76), Aeroquip is not arguing that the ADA imposes a "membership" criteria. Instead, Aeroquip's membership criteria – which Plaintiff does not meet – relates to Plaintiff's inability to satisfy the injury-in-fact and redressability elements of standing (Dkt. 6, PgID 42-47).

[5] Although it appears for the first time in her Response that Plaintiff is asserting she is a "tester" (Dkt. 10, PgID 182-85), this is of no consequence because a tester must still satisfy the requirements of Article III standing. *See Judy v. Pingue*, No. 08-cv-859, 2009 WL 4261389, at *4 (S.D. Ohio Nov. 25, 2009) (citing *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 374-75 1982)) (Ex. 8).

In response, Plaintiff wrongly asserts that *Haynes v. Interbond Corp. of America*, 2017 WL 4863085 (S.D. Fla. Oct. 16, 2017) is "directly on point" (Dkt. 10, PgID 185-86). There, the entity was BrandsMart U.S.A., and its website brandsmartusa.com. *Id.*, at *1. Unlike Aeroquip and the credit unions in *Griffin* and *Carrol*, BrandsMart U.S.A. is: (1) a consumer retail store; (2) open to the public-at-large; and (3) maintains a website that states that its products are available both in store and via its website.[6] These facts clearly distinguish *Haynes* as Aeroquip (like other credit unions)[7] has a restricted membership field and Plaintiff is not eligible for its services (just like the plaintiffs in *Griffin* and *Carrol*). Thus, *Haynes* is distinguishable.[8]

Therefore, because Plaintiff was not a member or eligible to be a member of Aeroquip Credit Union, she has not been injured and lacks standing.[9]

---

[6] *See* https://www.brandsmartusa.com/about-brandsmartusa (last accessed March 5, 2018).

[7] Michigan credit unions are required to establish a specific "field of membership", which may include persons with a "common bond" of "employment". M.C.L. § 490.352(2)(b). Aeroquip's membership field is limited in this way (Dkt. 6, PgID 44-47). Plaintiff's assertion that Aeroquip's website "is a service, privilege, and advantage of its branch locations" and is available to the public-at-large "irrespective of credit union membership" (Dkt. 10, PgID 178) is not only false, but she has cited no authority and there is nothing in the record to support her position.

[8] For the same reasons, and contrary to Plaintiff's assertions (Dkt. 10, PgID 181), *Castillo v. Jo-Ann Stores, LLC*, 2018 WL 838771 (N.D. Ohio Feb. 13, 2018), is also distinguishable. *See, id.*, at *1 ("Defendant Jo-Ann Stores, LLC . . . is a specialty retailer of crafts and fabrics . . . Consumers may purchase products from Jo-Ann at its brick-and-mortar stores or online through Jo-Ann's website[.]").

[9] The Sixth Circuit applies this same rationale – that there is no injury where one is not a member – in holding that an employee is not injured and has no standing to sue under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*, if they were not a participant or beneficiary under a qualifying benefit plan. *See, e.g.*, *Ward v. Alternative Health Delivery Sys., Inc.*, 261 F.3d 624, 626 (6th Cir. 2001); *Roberts v. Hamer*, 655 F.3d 578, 581 n. 2 (6th Cir. 2011).

### iii. *Plaintiff Waived Her Response and, Therefore, Cannot Establish The Required Elements of a Future Injury and Redressability.*

Aeroquip also argues that Plaintiff cannot show a threat of future injury and redressability, which are required in order to establish standing (*see* Dkt. 6, PgID 43-47). Plaintiff *fails* to address these required elements but for a few conclusory and unsupported assertions (Dkt. 10, PgID 180). Such arguments are insufficient. Plaintiff has waived any opposition to the contrary. *See BioLumix, Inc. v. Centrus Int'l, Inc.*, 2013 WL 4483437, at *2 (E.D. Mich. Aug. 20, 2013) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (Tarnow, J.) (Ex. 9).

## B. Plaintiff's Claims under the ADA Fail as a Matter of Law.

### i. *The ADA Applies Only to Physical Places and Parker v Metropolitan Life Ins. Co. is Binding Precedent.*

In order to try and distinguish the Sixth Circuit's *en banc* opinion in *Parker v. Metro. Life Ins. Co.*, 121 F.3d 1006 (6th Cir. 1997), which holds the ADA only applies to "physical places" and does not cover websites,[10] Plaintiff presents two arguments: (1) *Parker* does not apply because it did not address websites; and (2) *Parker* is outdated (Dkt. 10, PgID 189-91). Both arguments lack merit.

---

[10] Plaintiff ignores Aeroquip's argument (which is a key basis of the *Parker* opinion) that the ADA's statutory text is unambiguous and covers only physical places (Dkt. 6, PgID 47-49). Although Plaintiff attempts to argue that Aeroquip somehow "ignores the plan language of the ADA's general nondiscrimination statute" (Dkt. 10, PgID 188-89), she fails to explain what she means or how that relates to the issues at hand. Thus, like many other incomplete assertions Plaintiff provides in her response, this "argument" is waived. *See BioLumix*, at *2.

Plaintiff's first argument misses the forest for the trees. The *Parker* Court held, *without limitation*, that "a public accommodation is a physical place" *Id.*, at 1010. This is not only supported by federal regulations regarding what is a "place" under the ADA, *see, id.*, at 1011, but the language of the ADA itself. *Id.* **Tellingly, Plaintiff ignores all of these points**. Nevertheless, Plaintiff attempts to narrow *Parker* by cherry-picking the language from footnote 3 of the court's opinion (Dkt. 10, PgID 190-91). However, what Plaintiff omits is the *Parker* Court saying, again, in that same footnote that "**Title III covers only physical places**." *Parker*, at 1011 n. 3 (emphasis added).[11] Thus, Plaintiff's attempt to distinguish *Parker*'s applicability is insubstantial.

Additionally, the age of the *Parker* opinion is irrelevant. Until the Sixth Circuit sitting *en banc* or the Supreme Court overrules *Parker*, it is still the precedent in this circuit. *See Kerman v. C.I.R.*, 713 F.3d 849, 866 (6th Cir. 2013). Indeed, the Sixth Circuit has affirmed the holding in *Parker* since it was decided. *See Kolling v. Blue Cross & Blue Shield of Michigan*, 318 F.3d 715, 716 (6th Cir. 2003) ("A public accommodation is limited to a physical place . . . .").

Further, the applicable text of the ADA that *Parker* relied upon has not changed since 1997. *Compare* 42 U.S.C. § 12181(7) *with Parker*, 121 F.3d at 1010. Neither has the pronouncement from the Supreme Court and the Sixth Circuit that where a statute's text is unambiguous – as it is here – the statute must be applied as written. *See, e.g.*,

---

[11] For the same reasons, the *Castillo* Court erred by unnecessarily narrowing *Parker*'s holding and ignoring the preface to footnote 3. *See, id.*, at *4-5.

{00050160.DOCX}  5

*Kingdomware Technologies, Inc. v. U.S.*, 136 S. Ct. 1969, 1976 (2017) (affirming for purposes of statutory construction that where "the statutory language is unambiguous and 'the statutory scheme is coherent and consistent' . . . 'the inquiry ceases.'") (brackets omitted); *Davenport v. Lockwood, Andres & Newnam, Inc.*, 854 F.3d 905, 909 (6th Cir. 2017) (same). Thus, *Parker* is still binding and Plaintiff's claim fails as a matter of law.

  ii. ***Plaintiff Waived Any Argument Opposing the Lack of a Nexus Between Aeroquip's Website and its Branch Locations.***

But for a single, unsupported denial, Plaintiff fails to address the lack of a nexus between Aeroquip's website and its branch locations (Dkt. 10, PgID 192). Therefore, Plaintiff has waived any opposition to the contrary. *See BioLumix*, at *2.

  iii. ***Plaintiff's Request for Injunctive Relief Violates Due Process.***

Plaintiff attempts to argue that her request for injunctive relief does not violate due process by citing a litany of sources that ***do not*** identify a single standard for website compliance under the ADA (Dkt. 10, PgID 192-94). Indeed, Plaintiff merely reinforces Aeroquip's position: there are no regulations or guidelines for a covered entity's obligations related to website accessibility. As such, Aeroquip has no notice of what the ADA *may* require and that violates due process. *See Fortyune v. Lomita*, 766 F.3d 1098, 1105 (9th Cir. 2014).[12]

---

[12] Plaintiff also attempts to marginalize *Robles v. Dominos Pizza, LLC*, 2017 WL 1330216 (C.D. Cal. Mar. 20, 2017) by asserting its opinion as to due process is *dicta* and not widely accepted (Dkt. 10, PgID 194). She cites no authority that a dismissal without prejudices renders a court's opinion *dicta*, and all the cases she cites are either factually different or do not reference the *Roble* Court's due process analysis (*See id.*, PgID 194 n. 17).

### *iv.  Plaintiff's Improper Request to Amend her Complaint is Futile.*

Leave to amend is futile when "a proposed amendment would not survive a motion to dismiss." *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 355 (6th Cir. 2014). Further, "a bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought" is not a proper request for leave to amend. *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017).

As set forth in its Motion, and for the reasons provided above, Plaintiff lacks standing and her claims cannot succeed as a matter of law. This result will not change even if Plaintiff amends her Complaint. Therefore, Plaintiff's bare-bones and improper request to amend (Dkt. 10, PgID 195) should be denied.

### CONCLUSION

WHEREFORE, for the reason stated in its Motion to Dismiss and those provided above, Defendant Aeroquip Credit Union respectfully requests that this Honorable Court dismiss Plaintiff's Complaint in its entirety with prejudice.

        Respectfully submitted,

        STARR, BUTLER, ALEXOPOULOS & STONER, PLLC

        By:   /s/ Joseph A. Starr
              Joseph A. Starr (P47253)
              William R. Thomas (P77760)
              Attorneys for Defendant
              20700 Civic Center Dr., Ste. 290
              Southfield, MI 48076
              (248) 554-2700
              jstarr@starrbutler.com

Dated:  March 13, 2018        wthomas@starrbutler.com

## **CERTIFICATE OF SERVICE**

The undersigned says that on March 13, 2018, she has caused to be served a copy of **Defendant Aeroquip Credit Union's Reply Brief in Support of its Motion to Dismiss Plaintiff's Complaint** and this **Certificate of Service** via the Court's Electronic Court Filing system upon all attorneys of record.

I declare that the above statements are true and correct to the best of my knowledge, information and belief.

/s/ Kiersten Plane